STATE OF NEBRASKA, APPELLEE, v. MICHAEL LOWREY, APPELLANT.

191 N. W. 2d 600

Filed November 12, 1971. No. 37934.

Peter B. Beekman, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

Defendant Michael Lowrey appeals from his conviction for grand larceny. The sole issue presented is the sufficiency of the evidence to sustain the conviction. We affirm.

Defendant was charged with stealing United States currency of the value of $5,150 from the husband of his grandmother. Five thousand dollars of that sum was in $100 bills; the balance was in $50 bills. The money had been concealed in the trailer home of the victim.

The jury could have determined from the evidence that on the evening of August 4, 1970, defendant did not have sufficient funds to buy cigarettes. Late that evening he was taken to his stepgrandfather's home to sleep in a truck which was parked in that location. The next day he purchased an automobile for $2,800, using 28 $100 bills. Five days later he traded that car for another one, paying an additional $800, in $100 bills. Four other $100 bills are accounted for in the evidence. One of them was given to an associate who was also charged with the same offense. This witness testified that the defendant, in response to a question as to whether he had stolen his stepgrandfather's money, replied that he had stolen a part of it.

The defendant argues that the evidence against him is entirely circumstantial. Even if we were to assume this premise and ignore the admission of defendant to his associate, the evidence is ample to sustain his conviction. A person charged with a crime may be convicted on circumstantial evidence only. State v. Coleman, 186 Neb. 571, 184 N. W. 2d 732.

The following from State v. Ohler, 178 Neb. 596, 134 N. W. 2d 265, is particularly pertinent herein: "A jury, after considering the foregoing circumstances and the

inferences reasonably to be drawn therefrom, had ample evidence from which a finding of guilt could be found under the instructions of the court, informing it of the findings necessary to sustain such a conviction. The activities of a thief ordinarily are secretive and are not usually carried out in the presence of witnesses. When the commission of the offense is carried out in such a manner, circumstantial evidence is necessarily the only evidence available and where, as here, there are many circumstances pointing to the guilt of the defendant, the question is for the jury under proper instructions safeguarding the rights of the defendant. In such a situation the question of the guilt or innocence of the defendant is for the jury."

Judgment affirmed.

AFFIRMED.